| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| Abbas Kazerounian, Esq. (SBN: 249203) | Daniel G. Shay, Esq. (SBN: 250548) |
| ak@kazlg.com | danielshay@tcpafdcpa.com |
| Jason A. Ibey, Esq. (SBN: 284607) | 409 Camino Del Rio South, Suite 101B |
| jason@kazlg.com | San Diego, CA 92108 |
| Nicholas R. Barthel, Esq. (SBN: 319105) | Telephone: (619) 222-7429 |
| nicholas@kazlg.com | Facsimile: (866) 431-3292 |
| 245 Fischer Avenue, Suite D1 | |
| Costa Mesa, California 92626 | |
| Telephone:  (800) 400-6808 | |
| Facsimile:   (800) 520-5523 | |

[Additional Counsel on Signature Page]

*Attorneys for Plaintiff,*
Russel Smith

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARC MANAGEMENT GROUP, LLC,<br><br>Defendant. | Case No: **'19CV0479 WQHAGS**<br><br>**CLASS ACTION**<br><br>**DAMANGES FOR VIOLATIONS OF:**<br><br>1) **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**JURY TRIAL DEMANDED** |

*Case No.:*                                                                   *Smith v. ARC Management Group, LLC*
**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Russel Smith ("Plaintiff"), individually and on behalf of all others similarly situated persons, brings this action for damages and injunctive relief against ARC Management Group, LLC (hereinafter, referred to as "Defendant" or "ARC"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for violations of the (i) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is informed and believes, and thereon alleges, that ARC is, and at all times mentioned herein was, a Georgia corporation with its principal place of business in the state of Georgia.

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection", and is therefore a "debt collector".

11. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692 *et seq*.

13. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

14. Sometime in mid-2017, Plaintiff purchased an item from QVC; however, Plaintiff never received this item.

15. On or about November 2017, Plaintiff signed a notarized document from QVC confirming that Plaintiff never received said item.

16. On or about March 14, 2018, Plaintiff received two calls on his cellular telephone number ending in "5440" from the telephone number 619-391-4958.

17. Upon information and believe, at all times relevant, ARC, or an authorized agent, owned and operated the telephone number 619-391-4958.

18. During both calls, the caller demanded that Plaintiff provide it with his personal information to proceed with the call. However, Plaintiff requested that the caller identify themselves before he would provide any personal information. Instead of identifying itself, the caller hung up on Plaintiff. At no time during these calls did ARC identify itself as ARC or a debt collector.

19. On or about March 16, 2018, Plaintiff called the 619-391-4958 number to get an explanation of who they were and why they were calling. Yet again, the individual on the other side of this call did not identify itself. Instead, this individual kept requesting that Plaintiff provide his date of birth so that they could verify the account.

20. Plaintiff was personally affected by Defendant's aforementioned conduct.

21. Plaintiff was frustrated as he was never informed as to who was calling him and attempting to collect the debt.

22. As explained in detail below, as a direct and proximate result of Defendant's willful violations of the FDCPA, Plaintiff has suffered actual damages.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

24. Plaintiff proposes the following Class consisting of and defined as follow:

> All persons in the United States who spoke with Defendant on a debt collection call where Defendant did not identify itself between January 1, 2018, and January 1, 2019.

25. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judges to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

26. Plaintiff reserves the right to redefine and expand the Class and to add other subclasses as appropriate based on discovery and specific theories of liability

27. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called several thousands of persons in the United States during the class period, the Class is so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

28. <u>Commonality</u>: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

    - Whether, within the statutory period Defendant did not identify itself as a debt collect on any calls with the Class members;
    - Whether, within the statutory period Defendant did not have the practice of identifying itself during debt collection calls with consumers in violation 15 U.S.C. § 1692e(11);
    - Whether Defendant used deceptive means to collect a debt in violation of 15 U.S.C. § 1692e;

- Whether Defendant used unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

29. <u>Typicality</u> During Plaintiff's conversations, ARC never identified itself on any debt collection calls. Thus, his injuries are also typical to Class members.

30. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally called or received calls from Plaintiff and Class members' where Defendant refused to identify itself as a debt collector or as ARC. Plaintiff and Class members were damaged thereby.

31. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class members with whom he is similarly situated, as demonstrated herein. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the FDCPA. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

32. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

33. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a. Class-wide damages are essential to induce Defendant to comply with Federal law.

    b. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d. Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

    e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy.

34. Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class members have no way of discovering that Defendant was calling without identifying.

35. The Class may also be certified because:

    - The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards

of conduct for Defendant;

- The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

37. Plaintiff reserves the right to expand Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class members can be identified through Defendant's records and/or through public records and public notice.

## CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq* (FDCPA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. As discussed above, Defendant is a debt collector that has called and been called by Plaintiff and each member of the Class in an effort to collect a debt. Despite this Defendant did not disclose its identity to Plaintiff or other members of the

Class. Upon information and belief, Defendant does not have a policy to identify itself on calls that it has with consumers for debt collection purpose.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by not identifying itself in every communication with the consumer.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

44. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.

45. Despite this knowledge, Defendant continued to not identify itself to Plaintiff and members of the Class.

46. Plaintiff and each Class member seeks statutory damages and injunctive relief under 15 U.S.C. § 1692k(a)(2)(A), which entitles Plaintiff to actual and statutory damages in the amount of $1,000.00 and reasonable attorney's fees, and the Class to the lesser of $500,000 or 1 per centum of the net worth of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class;
- Appoint Plaintiff's attorneys as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

### UNLAWFUL DEBT COLLECTION
### UNDER THE FDCPA

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant individually;
- An award Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of the lesser of $500,000 or 1 per centum of the net worth of Defendant pursuant to 15 U.S.C. § 1692k;
- An award of reasonable attorney's fees and costs;

### TRIAL BY JURY

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: March 12, 2019

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorney for Plaintiff*

**Additional Plaintiff's Counsel:**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022